**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leon HARLSON, Defendant–Appellant.**

No. 06–30134.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006 *.

Filed Dec. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*      Fed. R.App. P. 34(a)(2).

Ed Zink, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Leon Harlson appeals his conviction following a conditional guilty plea, challenging the district court's denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Harlson first argues that his initial detention was unreasonable. For an investigatory stop to be justified under the Fourth Amendment, a police officer must be able to point to "specific and articulable facts" which, taken together with rational inferences to be drawn from those facts, reasonably warrant an officer's intrusion upon a suspect's person. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer Tucker knew of the following facts at the time he detained Harlson: (1) Harlson was present in a high-crime area during an unusual hour; (2) Harlson was outside a business establishment that appeared to be closed; (3) Harlson had the screen door to the business establishment propped open; (4) Harlson had moved between the business establishment and his vehicle multiple times; and (5) Harlson had watched Officer Tucker "very closely" as Officer Tucker drove by. These facts, taken together, were sufficient to justify a *Terry* stop. *See*

*United States v. Mayo,* 394 F.3d 1271, 1275 (9th Cir.2005).

Second, Harlson argues that Officer Tucker's search of the vehicle and seizure of the firearm violated the Fourth Amendment. We disagree. The search and seizure were justified under the plain view exception to the warrant requirement and on public safety grounds.

■ The plain view exception to the warrant requirement applies when: (1) an investigating officer is lawfully present in the place where the evidence is discovered; and (2) the incriminatory nature of the evidence is "immediately apparent" to him. *United States v. Stafford,* 416 F.3d 1068, 1076 (9th Cir.2005). Officer Tucker was lawfully present in the public parking lot where Harlson's vehicle was located, and his peering into the vehicle did not violate Harlson's reasonable expectation of privacy. *See Texas v. Brown,* 460 U.S. 730, 740, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion) ("There is no legitimate expectation of privacy ... shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.") (internal citations omitted). The holster was "immediately apparent" to Officer Tucker. As he testified during the suppression hearing, the holster was "readily identifiable" from the outside; it appeared to be "bulging"; and it was his belief that the holster contained a gun. The district court found Officer Tucker's testimony to be credible, and this finding was not clearly erroneous. *See Stafford,* 416 F.3d at 1073 (district court's factual findings are reviewed for clear error). The district court thus did not err in denying Harlson's motion to suppress on this ground.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Search of the vehicle and seizure of the firearm were also justified on public safety grounds. *See Cady v. Dombrowski,* 413 U.S. 433, 447–48, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *United States v. Feldman,* 788 F.2d 544, 553 (9th Cir.1986); *see also United States v. Osife,* 398 F.3d 1143, 1145 (9th Cir.2005). The window of the vehicle was rolled down and the holster was "readily visible" and "easily identifiable" to any curious passersby. Additionally, efforts to secure the vehicle by other means had failed. Under those circumstances, Officer Tucker was justified in believing that the holster and firearm were vulnerable to falling into "untrained or perhaps malicious hands," and he acted reasonably in entering the vehicle and retrieving the holster and firearm. *See Cady,* 413 U.S. at 443, 93 S.Ct. 2523. Harlson's motion to suppress was properly denied.

**AFFIRMED.**